FILED
 2021 Dec-17  AM 11:00
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CULLMAN ELECTRIC COOPERATIVE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 5:21-cv-01421-CLS |
| | ) |
| **CITY OF CULLMAN, ALABAMA,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF OPINION

The Cullman Electric Cooperative ("Cullman Electric") contends that an ordinance enacted by the City of Cullman, Alabama ("the City"), on October 11, 2021, which will impose a 3% "license fee" (tax) on the gross receipts of Cullman Electric from the sale or distribution of electricity within the City's corporate limits,[1] is unlawful under Section 13 of the Tennessee Valley Authority Act of 1933, 16 U.S.C. § 831*l*.

---

[1] A copy of the Ordinance, No. 2022-03, which is due to take effect on January 1, 2022, is attached to the complaint as "Exhibit 2." It provides that: "Each person, firm, cooperative, or corporation selling or distributing electricity in the City of Cullman" is required to pay "annually in advance, 3% of [the] gross receipts received by such person, firm, cooperative, or corporation from its operation in the City of Cullman during the preceding year." Doc. no. 1 (Complaint), at ECF 22. (**NOTE WELL**: "ECF" is an acronym formed from the initial letters of the name of a filing system that allows parties to file and serve documents electronically: *i.e.*, "Electronic Case Filing." *See The Bluebook: A Uniform System of Citation*, Rule 7.1.4, at 21 (Columbia Law Review Ass'n *et al.* eds., 19th ed. 2010). When this court cites to pagination generated by the header electronically imprinted on a scanned copy of a document filed in this case, it will, as here, precede the page number(s) with the letters "ECF.")

The Tennessee Valley Authority ("TVA") is a public corporation created by Congress in 1933 for "the purpose of maintaining and operating the properties now owned by the United States in the vicinity of Muscle Shoals, Alabama, in the interest of the National defense and for agricultural and industrial development, and to improve navigation in the Tennessee River and to control the destructive flood waters in the Tennessee River and Mississippi River Basins . . . ." 16 U.S.C. § 831. Cullman Electric relies upon the final sentence of the first paragraph of Section 13 of the TVA Act, which provides that: *"The payments herein authorized are in lieu of taxation, and [TVA], its property, **franchises** and income, are expressly exempted from taxation in any manner or form by any State, county, municipality, or any subdivision or district thereof."* 16 U.S.C. § 831*l* (alteration and emphasis supplied).[2] Cullman

---

[2] The full text of the first paragraph of Section 13 of the TVA Act reads as follows:

> In order to render financial assistance to those States and local governments in which the power operations of the Corporation [*i.e.*, TVA] are carried on and in which [TVA] has acquired properties previously subject to State and local taxation, the Board is authorized and directed to pay to said States, and the counties therein, for each fiscal year, beginning July 1, 1940, the following percentages of the gross proceeds derived from the sale of power by [TVA] for the preceding fiscal year as hereinafter provided, together with such additional amounts as may be payable pursuant to the provisions hereinafter set forth, said payments to constitute a charge against the power operations of [TVA]: For the fiscal year (beginning July 1) 1940, 10 per centum; 1941, 9 per centum; 1942, 8 per centum; 1943, 7 ½ per centum; 1944, 7 per centum; 1945, 6 ½ per centum; 1946, 6 per centum; 1947, 5 ½ per centum; 1948 and each fiscal year thereafter, 5 per centum. "Gross proceeds", as used in this section, is defined as the total gross proceeds derived by [TVA] from the sale of power for the preceding fiscal year, excluding power used by [TVA] or sold or delivered to any other department or agency of the Government of the United States for any purpose other than the resale thereof. *The payments herein authorized are*

Electric contends that it is a TVA "franchise" and, for that reason, exempt from local taxation pursuant to § 831*l*.

Essentially, however, Cullman Electric's complaint asks this court to reaffirm a judgment entered more than thirty years ago by another judge of this court in a suit between these same parties — *i.e.*, *The Cullman Electric Cooperative v. City of Cullman, Alabama*, Civil Action No. CV-91-N-665-NE, 1991 WL 639132 (N.D. Ala. Aug. 30, 1991) (Nelson, J.) — and declare that the City's October 11, 2021 ordinance "is prohibited under the 1991 Declaratory Judgment." Doc. no. 1 (Complaint), at 5.

The City moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss Cullman Electric's complaint, arguing that the facts stated in that pleading do not establish subject matter jurisdiction. Doc. no. 6 (Motion to Dismiss).[3] Challenges to a court's jurisdiction come in two forms: factual and facial attacks. *See*, *e.g.*, *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). A *factual* attack challenges the very facts giving rise to subject matter jurisdiction, whereas a *facial* challenge contends that the facts stated in the plaintiff's complaint do not

---

*in lieu of taxation, and* [*TVA*]*, its property, franchises and income, are expressly exempted from taxation in any manner or form by any State, county, municipality, or any subdivision or district thereof.*

16 U.S.C. § 831*l* (alterations and emphasis supplied).

[3] The City also argues that dismissal is proper under the Tax Injunction Act, 28 U.S.C. § 1341, and "relevant abstention doctrines." Doc. no. 7 (Brief in Support of Motion to Dismiss), at 8-9.

3

establish subject matter jurisdiction. *Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1237 (11th Cir. 2002).

When reviewing, as here, a facial challenge to jurisdiction, the court considers the facts alleged in the plaintiff's complaint, as well as any documents attached thereto, *see*, *e.g.*, *Financial Security Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007),[4] and presumes that those facts are true. *See, e.g., Carmichael v. Kellogg, Brown & Root Services, Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). In contrast, when reviewing a *factual* challenge to the court's subject matter jurisdiction, a court makes no such presumption. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (*per curiam*).

Accordingly, the following section is a summary of the facts alleged in Cullman Electric's complaint, as well as those recited in the Declaratory Judgment and accompanying Memorandum of Opinion entered by Judge Edwin L. Nelson on August 30, 1991, in the previous action between these same parties, copies of which were attached to and incorporated into Cullman Electric's complaint. (**NOTE WELL**: For convenience, citations to Judge Nelson's prior opinion will be referred to as the "**1991 Judgment**.")

---

[4] *See also*, *e.g.*, *Hi-Tech Pharmaceuticals, Inc. v. HBS International Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) (same); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (same).

4

## I. JURISDICTIONAL FACTS

"Cullman Electric is an Alabama not-for-profit membership cooperative organized and operating under the Alabama Electric Cooperative Act, Ala. Code §§ 37-6-1 to 37-6-29." Doc. no. 1 (Complaint), ¶ 3. It distributes electricity to more than 36,000 members in Cullman, Winston, Morgan, and Lawrence counties. All power distributed by Cullman Electric is acquired from TVA, which sets the rates that Cullman Electric may charge its members for electricity, and

> exercises control over, *inter alia*, the uses that Cullman Electric may make of the revenue derived from power distribution, the rules and regulations applied by Cullman Electric to its members, the method of account[ing] for the finances of Cullman Electric, and the standards as to [the] quality of service provided by Cullman Electric.

*Id.*, ¶ 7 (alterations supplied).

On August 10, 1970, more than fifty-one years ago, the City of Cullman added two subsections to an existing tax ordinance. The first (Subsection 248 to Ordinance No. 493) imposed a 3% tax on Cullman Electric's gross receipts from the distribution of electric power to members within the City's municipal limits, while the second (Subsection 249 to the same Ordinance) imposed a 1½% tax on the gross receipts from Cullman Electric's distribution of power to members residing outside the City limits, but within its "police jurisdiction." 1991 Judgment, at ECF 10; *id.* at ECF 12, ¶ 8. When Cullman Electric refused to pay the taxes:

> 12. The City filed a civil action against Cullman Electric in 1974, seeking a declaratory judgment that the police jurisdiction tax was valid and lawful and a valid, lawful exercise of the City's police power pursuant to Alabama Code, Title 37, Section 733 (1940). The state court granted summary judgment for the City, declaring the police jurisdiction tax to be "valid and lawful under the provisions of Title 37, section 733, Code of Alabama, 1940, as amended." [Affidavit of Steve Foshee], Exhibit B. Subsequently, the parties agreed that the City would not collect the police jurisdiction tax for the period October 16, 1970 through October 16, 1985. *Id.*, Exhibit B.
>
> 13. On January 23, 1989, the City filed a civil action in the Circuit Court of Cullman County, Alabama, asking for a declaratory judgment that the city tax is valid and lawful under Ala.Code § 11–15–90 (1975), and a "reaffirmation" that the police jurisdiction tax is valid under Ala.Code § 11–15–91 (1975). *Id.* . . .

*Id.* at ECF 12-13, ¶¶ 12 & 13 (alteration supplied).

On March 26, 1991, while the 1989 action referenced above still was pending in state court, Cullman Electric filed suit against the City in this court, seeking a judgment declaring that the 3% city and 1½% police-jurisdiction taxes violated Section 13 of the TVA Act, 16 U.S.C. § 831*l*. Doc. no. 1 (Complaint) ¶ 10. The case was assigned to Judge Edwin L. Nelson.[5] Cullman Electric subsequently moved for summary judgment.[6]

---

[5] Judge Nelson was nominated by President George H. W. Bush on September 13, 1989, to the seat vacated on February 3, 1989, when Judge J. Foy Guin, Jr., assumed senior status. Judge Nelson was confirmed by the Senate on January 23, 1990, and received his commission on January 24, 1990. His service terminated on May 17, 2003, due to death.

[6] The docket sheet for the 1991 case assigned to Judge Nelson shows that Cullman Electric's motion for summary judgment and supporting affidavit were filed on June 3, 1991.

Significantly, as Judge Nelson observed in the Memorandum of Opinion entered in support of his 1991 Judgment, the City repeatedly failed to submit a meaningful response to Cullman Electric's motion.

> Defendant was given an opportunity to respond to the motion, but instead of responding, defendant filed a "motion in opposition" to plaintiff's motion for summary judgment shortly after the date its response was due, stating that it would submit a brief in support of the motion later that week.  When the brief was not forthcoming, the court gave the defendant an additional opportunity to submit a response, but the defendant again failed to make any written submission.  The defendant's second opportunity to respond passed by over one month ago, and the court has not received any response.  The court considers the motion to be ripe and ready for submission.

1991 Judgment, at ECF 13.

In the absence of a meaningful response from the City, Judge Nelson granted Cullman Electric's motion for summary judgment on August 30, 1991, and entered a "Final Judgment" declaring that the City's taxes on Cullman Electric's gross receipts were prohibited by Section 13 of the TVA Act.  *See id*. at ECF 8-9.

Judge Nelson's Memorandum of Opinion did not provide a meaningful discussion of the basis for the court's subject matter jurisdiction.  Instead, in a single sentence, and with no substantive analysis, Judge Nelson simply noted:  "This is an action for declaratory judgment involving a federal question under the Tennessee Valley Authority Act of 1933, 16 U.S.C. § 831, *et seq*. . . . and the United States

7

Constitution. 28 U.S.C. § 2201(a), 28 U.S.C. § 1331, 16 U.S.C. § 831 *et seq*." 1991 Judgment, at ECF 10 (alteration and ellipsis supplied). Judge Nelson then proceeded directly to the merits and concluded that "non-profit distributors of TVA power, such as Cullman Electric, are TVA franchises and, therefore, exempt from local taxation pursuant to Section 831*l*." 1991 Judgment, at ECF 14 (citing *Courtland v. Town of North Courtland*, No. 90–L–1346–NE (N.D. Ala. Dec. 28, 1990) (Lynne, J.); *City of Sheffield v. Town of Cherokee*, No. 89–AR–5073–NW (N.D. Ala. Oct. 12, 1989) (Acker, J.)); *see also* doc. no. 1 (Complaint), ¶ 11 ("On August 30, 1991, this Court issued a Declaratory Judgment finding that the City's attempt to tax the gross receipts of Cullman Electric is prohibited under the TVA Act.").

The City did not perfect an appeal from Judge Nelson's judgment.[7] For that reason, Cullman Electric contends that

> the City remains bound by the 1991 Declaratory Judgment. Additionally, the 1991 Declaratory Judgment carries the effect of *res judicata* and issue preclusion between Cullman Electric and the City of Cullman."
>
> 13. On or about October 11, 2021, the City purported to pass a 3% tax on the gross receipts of Cullman Electric. This is the same tax that the Court declared to be prohibited in its Declaratory Judgment.

Doc. no. 1 (Complaint), ¶¶ 12-13. This action followed.

---

[7] The docket sheet for the 1991 case indicates that the City filed a notice of appeal on September 27, 1991, but voluntarily dismissed the appeal on January 22, 1992.

## II.  DISCUSSION

"[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). If the court finds that it does not possess subject matter jurisdiction, "the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). *See also*, *e.g.*, *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) (same).

Cullman Electric contends that "[t]his Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2202 (further relief to enforce a declaratory judgment entered by the court)." Doc. no. 1 (Complaint), ¶ 5 (alteration supplied).

**A.     Declaratory Judgment Act**

The Declaratory Judgment Act of 1934 authorizes federal courts to issue judgments establishing "the rights and other legal relations of any interested party seeking such declaration" in a "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a).[8]  The Act provides "a means by which rights and obligations

---

[8] The full text of the two subsections comprising § 2201 read as follows:

> (a) *In a case of actual controversy within its jurisdiction*, except with respect to Federal taxes other than actions brought under section 7428 of the Internal

may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2751, at 427 (2016).

Section 2202 of the Act authorizes federal courts to grant any relief necessary to enforce a declaratory judgment: *i.e.*, "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.  Cullman Electric contends that the foregoing language of § 2202 provides an independent basis of subject matter jurisdiction to enforce Judge Nelson's 1991 Judgment between these same parties. *See* doc. no. 1 (Complaint), ¶ 18; doc. no.

---

Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(9) of the Tariff Act of 1930), as determined by the administering authority, *any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such*.

    (b) For limitations on actions brought with respect to drug patents see section 505 or 512 of the Federal Food, Drug, and Cosmetic Act, or section 351 of the Public Health Service Act.

28 U.S.C. § 2201 (emphasis supplied).

14 (Response to the City's Motion to Dismiss), at 7-8.

However, federal courts have repeatedly held that the Declaratory Judgment Act does not provide an independent basis for federal subject matter jurisdiction. *See, e.g.*, *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950) (holding that "the requirements of jurisdiction — the limited subject matters which alone Congress had authorized the District Courts to adjudicate — were not impliedly repealed or modified" by the Act); *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) (holding that the Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question") (citing *Skelly Oil*, *supra*).[9]

Instead, a party seeking declaratory relief "must still assert 'an underlying ground for federal court jurisdiction.'" *Patel v. Hamilton Medical Center, Inc.*, 967 F.3d 1190, 1194 (11th Cir. 2020) (quoting *Household Bank v. JFS Group*, 320 F.3d 1249, 1253 (11th Cir. 2003)); *see also Sellers v. Nationwide Mutual Fire Insurance*

---

[9] *See also*, *e.g.*, *Federal Election Commission v. Reform Party of the United States*, 479 F.3d 1302, 1307 n.5 (11th Cir. 2007) (citing *Borden v. Katzman*); *Aguilera v. District Director, USCIS*, 423 F. App'x 916, 918-19 (11th Cir. 2011) (*per curiam*) (holding that the Declaratory Judgment Act "does not establish an independent basis for federal jurisdiction, but is, instead, only 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant'" (citing *Seibert v. Baptist*, 594 F.2d 423, 428 (5th Cir. 1979), and quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)); 10B Wright, Miller & Kane, *supra* at 427-28 ("The jurisdiction of the courts is not expanded [by the Act] and requests for declaratory judgments may be heard only in cases that otherwise are within their jurisdiction.").

*Co.*, 968 F.3d 1267, 1273 (11th Cir. 2020) (observing that, because the Act "'does not, of itself, confer jurisdiction upon the federal courts,' 'a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question'" (quoting *Borden*, 881 F.2d at 1037)).

Against this backdrop, two things are clear. One, contrary to Cullman Electric's position, § 2202 of the Declaratory Judgment Act does not, alone, provide the court subject matter jurisdiction over plaintiff's complaint. Rather, the dispositive issue is whether the face of Cullman Electric's complaint establishes an independent basis for subject matter jurisdiction.

## B. Federal Question Jurisdiction

Cullman Electric also claims that the court possesses federal question jurisdiction under 28 U.S.C. § 1331, which provides that district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* doc. no. 1 (Complaint), ¶ 5.

Cullman Electric reasons that this case raises the question of whether the City's October 11, 2021 Ordinance is valid under Section 13 of the TVA Act, 16 U.S.C. § 831*l*.[10] *See* doc. no. 14 (Response in Opposition to City's Motion to Dismiss), at 8-9.

---

[10] Doc. no. 14 (Response in Opposition to Motion to Dismiss), at 8–9.

Federal question jurisdiction encompasses three overarching types of cases: (1) those alleging a violation of the United States Constitution; (2) those alleging a violation of a federal statute for which there is an express or implied private remedy; and (3) those alleging a violation of a state law where the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) ("A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" (quoting *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 9 (1983))).

Importantly, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

Here, Cullman Electric's complaint does not fall within any category of the federal question statute. The case does not involve an alleged violation of the United States Constitution. Section 13 of the TVA Act does not create an *express* private remedy, as the Eleventh Circuit observed in *City of Huntsville v. City of Madison*, 24 F.3d 169, 172 (11th Cir. 1994). Moreover, Cullman Electric does not contend that

Section 13 contains an *implied* private remedy that permits it to sue directly under the statute. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

Finally, the Eleventh Circuit held in *City of Huntsville* that "the necessity to interpret § 13 of the TVA Act does not present a substantial question of federal law that would confer federal question jurisdiction." 24 F.3d at 174. Cullman Electric's complaint may raise a federal *defense* against the City's tax, but that is not, alone, sufficient to establish federal question jurisdiction under 28 U.S.C. § 1331. *See, e.g., Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003) (explaining that a defense relying on the preemptive effect of a prior federal judgment, alone, is insufficient to establish federal question jurisdiction); *Oklahoma Tax Commission v. Graham*, 489 U.S. 838, 841 (1989) (holding that "it has long been settled that the existence of a federal immunity to the claims asserted [*i.e., Cullman Electric's contention that it is a "franchise" under Section 13 of the TVA Act and, thereby, entitled to an exemption from the City's "license fee"*] does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law").

To be sure, the Eleventh Circuit's holding in the *City of Huntsville* opinion is diametrically opposed to Judge Nelson's 1991 Judgment, finding that this court

14

possessed subject matter jurisdiction over a substantially similar complaint filed by Cullman Electric against the same defendant. The primary reason for the inconsistent conclusions has nothing to do with the facts or procedural posture of the two cases, but with binding Eleventh Circuit precedent developed in the years after Judge Nelson's 1991 decision. Specifically, the Eleventh Circuit's opinion in *City of Huntsville* was handed down on June 29, 1994: nearly three years after Judge Nelson's Judgment.

In addition, Judge Nelson's opinion constituted the practical equivalent of a default judgment against the City of Cullman. The City failed, on several occasions, to submit a timely opposition to Cullman Electric's motion for summary judgment. And the brief that the City ultimately submitted apparently failed to argue that this court lacked subject matter jurisdiction over the controversy. Thus, Judge Nelson, unlike this court, did not have the benefit of zealous argument on the issue of subject matter jurisdiction.

Nevertheless, and regardless of the rationale for or merits of Judge Nelson's 1991 Judgment, this court is bound by subsequent Eleventh Circuit precedent to conclude that Cullman Electric's present complaint does not make a facial showing of subject matter jurisdiction under 28 U.S.C. § 1331.

## C.     The Tax Injunction Act

Although not necessary to the disposition of the present motion, the court will briefly address the City's contention that the Tax Injunction Act of 1937, 28 U.S.C. § 1341, requires dismissal of this case. That statute provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The City argued vigorously in its briefs and at oral argument that the Tax Injunction Act bars the court from considering this case. All of the City's arguments would be compelling if the court had subject matter jurisdiction in the first instance. However, this court has determined that it *does not* possess subject matter jurisdiction. Accordingly, the Tax Injunction Act is not applicable.

It should be noted that each of the cases cited by the City in support of its arguments relating to the Tax Injunction Act had an independent basis of federal jurisdiction, such that consideration of the applicability of the Tax Injunction Act was appropriate in those cases.

## IV. CONCLUSION

For all of the foregoing reasons, this court has determined that it lacks subject matter jurisdiction over Cullman Electric's complaint. Accordingly, the City's motion to dismiss (doc. no. 6) is due to be granted, and Cullman Electric's motions

for preliminary injunctive relief (doc. no. 2) and to consolidate this case with Civil Action No. 5:21-cv-1482-LCB (doc. no. 16) are due to be denied. A separate judgment consistent with this opinion will be entered contemporaneously herewith.

**DONE** this 17th day of December, 2021.

_____
Senior United States District Judge